NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-798

MICHAEL D'ACCI & others[1]

vs.

MASSACHUSETTS DEPARTMENT OF ENVIRONMENTAL PROTECTION & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This appeal stems from the Massachusetts Department of Environmental Protection's (DEP) issuance of final air quality approval (air permit) in connection with Lorusso Corporation's (Lorusso) application for permitting of a bituminous asphalt plant to be built in Rochester and operated by Bristol Asphalt Co., Inc.  The plaintiffs challenged the air permit through the DEP's Office of Appeals and Dispute Resolution and, when they lost that battle, filed the underlying action for judicial

---

[1] Carol D'Acci, Ardon McCarthy, Jason Monast, Melanie Monast, Linda Westgate, Gary Westgate, Brandon Empey, Krystle Empey, and Melissa Bessey.

[2] Lorusso Corporation and Bristol Asphalt Co., Inc.

review in the Superior Court.  See G. L. c. 30A, § 14.  The judge decided the parties' cross motions for judgment on the pleadings in favor of the defendants, concluding that the DEP "supportably interpreted its appeal regulations" both when it determined that the plaintiffs had failed to preserve the single issue on which their complaint turned -- the adequacy of the DEP's assessment of the impact of odors to be generated by the proposed asphalt plant -- and when it concluded that that argument was waived.

The plaintiffs[3] now appeal from the judgment entered in the Superior Court.  Assuming without deciding that we have jurisdiction over that appeal, we conclude that the plaintiffs' challenge to the air permit based on its allegedly inadequate treatment of the issue of odors generated by the proposed plant was not raised before the DEP, and so was waived.  Accordingly, we affirm.

Background.  The following facts are undisputed.  As part of the permitting process for the proposed plant, Lorusso submitted an air quality modeling report to the DEP.  In April 2021, the DEP issued a draft air quality plan approval (draft

_____

[3] All ten of the original plaintiffs are identified as appellants on our docket.  Between the time that the plaintiffs commented on the draft plan and the date on which the notice of appeal was filed, however, two of the named plaintiffs died, and the parties lost contact with a third plaintiff.

plan) and solicited public comments on it. See 310 Code Mass. Regs. § 7.02(3)(h) (2020). Through counsel, the plaintiffs submitted written comments on that draft plan to the DEP in May 2021. These comments raised concerns about the draft plan's detection and measurement of "emissions" and its modeling and calculation of "emissions values." In response, the DEP had Lorusso conduct additional air quality dispersion modeling to address the plaintiffs' comments and, in August 2021, after Lorusso submitted a revised report, the DEP issued its final air permit for the project.

The plaintiffs were dissatisfied with the DEP's issuance of the air permit and, in September 2021, as a "ten persons group," see 310 Code Mass. Regs. §§ 7.51(1)(d), 7.51(1)(g) (2020), they filed a notice of claim with the DEP, seeking an adjudicatory hearing. In that notice, the plaintiffs expressly raised for the first time their contention that the air permit "fail[ed] to adequately assess odor." After tentatively denying the defendants' original motion to dismiss the plaintiffs' claim and permitting the parties to develop a factual record to support their positions on that claim, the DEP's presiding officer recommended that the plaintiffs' appeal be dismissed because their claims concerning odor had been waived. Specifically, the presiding officer concluded that the plaintiffs' public comments had not adequately raised the issue of odor on which their claim

3

depended.  The DEP's commissioner then issued a final decision adopting the presiding officer's recommendation, and the plaintiffs sought judicial review of that final decision.  See G. L. c. 30A, § 14.

Acting on the parties' cross motions for judgment on the pleadings, a judge ruled in favor of the defendants.  The plaintiffs appealed from the resulting judgment.

Discussion.  1.  Standard of review.  "We review the allowance of a motion for judgment on the pleadings de novo . . . ."  Boston v. Conservation Comm'n of Quincy, 490 Mass. 342, 345 (2022), quoting Kraft Power Corp. v. Merrill, 464 Mass. 145, 147 (2013).  Our review of the DEP's permitting decision under G. L. c. 30A, § 14 (7), is highly deferential and requires us to accord "due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it" (citation omitted).  Ten Local Citizen Group v. New England Wind, LLC, 457 Mass. 222, 228 (2010).  We will not disturb the DEP's permitting decision unless it is not supported by substantial evidence, is arbitrary or capricious, or is otherwise based on an error of law.  Friends & Fishers of the Edgartown Great Pond, Inc. v. Department of Envtl. Protection, 446 Mass. 830, 836 (2006).  "The party challenging [the] agency's interpretation of its own rules has a 'formidable burden' of showing that the

4

interpretation is not rational." Ten Local Citizen Group, supra, quoting Northbridge v. Natick, 394 Mass. 70, 74 (1985).

2. Waiver. We assume without deciding that the plaintiffs in this case have standing to challenge the Superior Court's judgment, and that we have jurisdiction to hear it.[4] Turning then to the motion for judgment on the pleadings, we agree with the judge that, because the DEP committed no error of law when it determined that the plaintiffs' challenge to the air permit based on the defendants' failure to adequately address odors was waived, the defendants are entitled to judgment in their favor.

Under the regulations governing appeals from DEP air permitting decisions, when a public comment period is provided for an air permit, only those issues brought forward in the public comments may be raised in a later adjudicatory hearing on the decision. See 310 Code Mass. Regs. § 7.51(1)(i)(2) (2018). See also 310 Code Mass. Regs. § 7.51(1)(d) (2020) ("Failure by an aggrieved person or ten persons group to submit written

_____

[4] As we have noted, only seven of the original ten plaintiffs appealed from the judgment. Lorusso argues that, where the plaintiffs sought an adjudicatory hearing as "a ten persons group" under 310 Code Mass. Regs. § 7.51(1)(g) (2020) and have not identified any other basis for their standing to appeal, we lack jurisdiction to entertain the plaintiffs' arguments. The plaintiffs' brief did not address these points, and the DEP does not join in this challenge. Because the merits dictate a decision in favor of the defendants, we exercise our discretion to assume jurisdiction.

comments as provided herein shall result in the waiver of any right to request an adjudicatory hearing").  Here, we discern no error in the DEP's determination that the plaintiffs' detailed comments focused exclusively on the air dispersion modeling submitted by Lorusso to the DEP, and that the plaintiffs did not raise any concerns about whether or how the air dispersion modeling addressed odors.

We acknowledge that "odors" fall within the DEP's regulatory definition of "air contaminant[s]," and that "air contaminant[s]" are, in turn, a subcategory of "emission[s]."  See 310 Code Mass. Regs. § 7.00 (2020) ("EMISSION means any discharge or release of an air contaminant to the ambient air space[,]" and "AIR CONTAMINANT means any substance or man-made physical phenomenon in the ambient air space and includes, but is not limited to, dust, flyash, gas, fume, mist, odor, smoke, vapor, pollen, microorganism, radioactive material, radiation, heat, sound, [or] any combination thereof . . .").  This does not change our view, however.  As the DEP persuasively argues, the purpose of the public comment period is to alert the DEP of any perceived shortcomings in a given permitting determination so it can remedy the defect or explain why no remedy is needed. We discern no error in the DEP's determination that the plaintiffs' comments on the air permit in this case did not identify "odors" as a concern and would not reasonably have put

6

the DEP on notice of concerns about how odors generated by the plant's operations would affect local homes and residents.  See Massachusetts Fine Wines & Spirits, LLC v. Alcoholic Beverages Control Comm'n, 482 Mass. 683, 687 (2019) (appellate court defers to agency's reasonable interpretation of agency's own regulations).

Accordingly, we discern no error in the judge's determination that the defendants were entitled to judgment on the pleadings with respect to the plaintiffs' challenge to the final decision of the DEP.  Given our conclusion, we need not address the merits of the plaintiffs' challenge to that decision.

Judgment affirmed.

By the Court (Massing, Hand & Hershfang, JJ.[5]),

Clerk

Entered:  August 7, 2025.

---

[5] The panelists are listed in order of seniority.